IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| EDWIN RIASCOS ROMERO, #02086960 | § § § |
| VS. | §  CIVIL ACTION NO. 4:21-CV-750-SDJ § *consolidated with* 4:21-CV-802-SDJ § |
| DIRECTOR, TDCJ-CID | § § |

**MEMORANDUM ADOPTING REPORT AND**
**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

The above-entitled and numbered civil actions were referred to United States Magistrate Judge Aileen Goldman Durrett, who issued a Report and Recommendation ("the Report") (Dkt. #35) concluding that the petitions for writ of habeas corpus should be denied and the cases be dismissed with prejudice. Petitioner filed objections (Dkt. #41).

Petitioner objects to the Magistrate Judge's lack of "any findings or recommendations as to Petitioner's request for appointment of counsel and an evidentiary hearing," stating that "he believes appointment of counsel and an evidentiary hearing [are] necessary to properly develop the habeas record." (Dkt. #41, pp. 1, 2). This objection is without merit.

The AEDPA limits the circumstances in which a habeas corpus petitioner may obtain an evidentiary hearing in federal court, imposing a significant burden on petitioners who fail to diligently develop the factual bases for their claims in state court. *See Williams v. Taylor*, 529 U.S. 420, 433–34 (2000). Under the AEDPA, if a petitioner fails to develop the factual basis of a claim in state court, he is entitled to

1

a federal evidentiary hearing only if (1) the claim relies on either (a) a new rule of constitutional law, made retroactive on collateral review by the Supreme Court, that was previously unavailable or (b) a factual predicate that could not have been previously discovered through the exercise of due diligence and (2) the facts underlying the claim are sufficient to establish by clear and convincing evidence that, but for the constitutional error, no reasonable fact-finder would have found the petitioner guilty of the underlying offense. 28 U.S.C. § 2254(e)(2); *Williams,* 529 U.S. at 429–37; *Foster v. Johnson*, 293 F.3d 766, 775 n.9 (5th Cir. 2002), *cert. denied,* 537 U.S. 1054 (2002). Petitioner has failed to satisfy the statutory requirements. Thus, he has failed to demonstrate that he is entitled to an evidentiary hearing in this Court.

Furthermore, the rule governing appointment of counsel in § 2254 habeas corpus proceedings is Rule 8(c) of the *Rules Governing Section 2254 Cases in the United States District Courts*. The rule provides that the presiding judge shall appoint counsel for a petitioner if an evidentiary hearing is required and the petitioner qualifies for appointment of counsel under 18 U.S.C. § 3006A(g). Because Petitioner has failed to demonstrate that he is entitled to an evidentiary hearing in this Court, he is not entitled to appointment of counsel.

The remainder of Petitioner's objections simply repeat the arguments raised in his § 2254 petition. The Court has reviewed the arguments, and they generally add nothing new to Petitioner's prior contentions in this case. Despite his arguments, Petitioner fails to show that the Report is in error or that he is entitled to relief on

his claims. Furthermore, to the extent Petitioner raises claims for the first time in his objections to the Report, they are not properly before the Court. *See Finley v. Johnson*, 243 F.3d 215, 218 n.3 (5th Cir. 2001).

The Report of the Magistrate Judge, which contains proposed findings of fact and recommendations for the disposition of such action, has been presented for consideration. Having made a *de novo* review of the objections raised by Petitioner to the Report, the Court concludes that the findings and conclusions of the Magistrate Judge are correct. Therefore, the Court hereby adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of the Court.

It is accordingly **ORDERED** that the petitions for a writ of habeas corpus are **DENIED** and that the cases are **DISMISSED** with prejudice. It is also **ORDERED** that a certificate of appealability is **DENIED.**

It is further **ORDERED** that all other motions not previously ruled on are hereby **DENIED**.

**So ORDERED and SIGNED this 29th day of March, 2025.**

_____
SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE